| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Annie Crawford, §
　　　　　　　　　　　　　　　§
　　　　　　　Plaintiffs, §
　　　　　　　　　　　　　　　§
versus　　　　　　　　　　　§　　　Civil Action H-11-4223
　　　　　　　　　　　　　　　§
Michael J. Astrue　　　　　§
　　　　　　　　　　　　　　　§
　　　　　　　Defendants. §

## Opinion on Summary Judgment

1.   *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Annie Crawford is not disabled under the Social Security Act. It does.

2.   *Standard of review.*

Crawford brought this action for judicial review of the commissioner's final decision to deny her disability insurance benefits. *See* 42 U.S.C. § 405(g) (2005).

Judicial review is limited to determining whether there is substantial evidence in the record to support the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. U.S. Const. amend. V.

3.   *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if she works for substantial gain. Second, a claimant is not disabled unless she has been medically impaired for at least twelve months. Third, a claimant is not disabled unless her impairment meets or equals one listed in appendix 1 of the regulation.

Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on her capacity to work. If the claimant is able to perform her past work, she is not disabled. Fifth, a claimant is not disabled if she can adjust to other work. 20 C.F.R. § 404.1520(a)(4) (2012).

4. *Evidence.*

   A. *Background.*

Crawford is a 64-year-old woman who says that she suffers from low back pain, neck pain, headaches, and depression. She says that her pain limits her mobility requiring her to use a cane to maintain her balance. She says that her depressive disorder has impaired her capacity to interact with others.

Crawford has a high-school education. She has some college education and has been trained as a certified nurse's assistant. She has worked as a cashier, a greeter, and a companion. When she applied for disability insurance benefits on October 25, 2007, she said that her disability had begun on April 10, 2007.

The administrative law judge found that Crawford could perform a limited range of light work. The judge concluded that Crawford could perform her past work as a companion.

   B. *Application.*

The administrative law judge properly found that Crawford was not disabled, correctly following the procedure.

First, Crawford has not been gainfully employed. Second, Crawford has been impaired for more than twelve months. Third, Crawford claims severe impairments of bodily pain and depression; the judge found that Crawford did not have an impairment that met or medically equaled one listed. Fourth, after careful consideration of the evidence, the judge determined that Crawford had the capacity to do light work, restricted to carrying out detailed but not complex tasks. The judge concluded that she was capable of performing past work as a companion and that she was not disabled.

To determine if Crawford was disabled, the judge considered all of the evidence from 2007 to 2009. Crawford infrequently sought medical treatment for her impairments. As for Crawford's back and neck pain, she has not required hospitalization or emergency treatment. She was neither prescribed narcotic medication nor epidural injections. She did not receive physical therapy. Crawford's infrequent visits to the doctor, lack of aggressive treatment, and

absence of etiology provides no basis for Crawford's complaint about her degree of pain. As for Crawford's depressive disorder, she has no history of psychiatric treatment. Crawford began mental health treatment in 2009, at the hearing Joe Lazarr, Ph.D., an impartial psychologist, explained that her mental condition was mild. The evidence shows that Crawford is still capable of performing light work.

5. *Conclusion.*

The commissioner's decision denying Annie Crawford's claim for disability insurance is supported by substantial evidence and will be affirmed. Annie Crawford will take nothing from Michael J. Astrue.

Signed on October 12, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge